**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1346-WEB |
| ) | |
| ROBIN BALLY, individually and in her ) | |
| official capacity as a juvenile correctional ) | |
| officer for the Atchison Juvenile ) | |
| Correctional facility; and STATE OF ) | |
| KANSAS JUVENILE JUSTICE ) | |
| AUTHORITY ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

Now before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); (Doc. 25). Plaintiff alleges constitutional violations under 42 U.S.C. § 1983 as well as state law claims of intentional infliction of emotional distress, negligence, and negligence per se. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

I.  Motion to Dismiss Standards.

Defendants filed an answer to Plaintiff's complaint on January 30, 2006 and afterwards filed their motion to dismiss. (Doc. 8).

> Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss. See Fed. R. Civ. P. 12(b) (stating that a motion to dismiss under the rule "shall be made before pleading if further pleading is permitted"). However, because Rule 12(h)(2) permits the court to consider '[a] defense of failure to state a claim upon which relief can be granted' within a Rule 12(c) motion for judgment on the pleadings, the court will treat defendant's motion as if it had been submitted under Rule 12(c). The distinction between the two rules is purely one of procedural formality, however. The court will employ the

same standard that it uses to analyze a Rule 12(b)(6) motion to dismiss to evaluate a Rule 12(c) motion for judgment on the pleadings.

*Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189, 1193 (D. Kan. 2002) (internal quotations and citations omitted); see *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

"A motion to dismiss is appropriate when the plaintiff can prove no set of facts in support of the claims that would entitle plaintiff to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State School for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). Furthermore, "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton,* 173 F.3d at 1236.

## II.  Nature of the Case.

Defendant Robin Bally (Bally) was a juvenile corrections officer employed by the Juvenile Justice Authority (JJA) of the State of Kansas. Plaintiff was a youth who was placed in the custody of Defendants for purposes of rehabilitation. More than once, Bally sexually assaulted Plaintiff while he was incarcerated at the facility where she worked. JJA was aware of the sexual assaults but failed to take corrective action, including failing to properly train and supervise Bally.

## III. Analysis.

Defendants correctly cite the legal standard for a motion made pursuant to Rule 12(b)(6); however, their briefs do not demonstrate a firm understanding of that standard. Defendants have

provided a statement of uncontroverted facts and supporting evidence as if they had filed a motion for summary judgment. Rule 12 states "[i]f on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56..." Fed. R. Civ. P. 12(b). The Court has broad discretion to consider matters outside the pleadings and convert the motion into one for summary judgment. *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998).

The Court declines to convert Defendants' motion into one for summary judgment because: 1) Plaintiff responded using the appropriate standard and did not include additional evidence outside the pleading and 2) Defendants are not prejudiced because they can still file a motion for summary judgment and raise any issues the Court declines to reach in this order. As a result, the Court will disregard Defendants' uncontroverted facts and supporting documentation.[1]

A.  Exhaustion of administrative remedies.

Defendants argue Plaintiff's failure to exhaust administrative remedies warrants dismissal under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e. In response, Plaintiff admits he did not exhaust administrative remedies but claims the PLRA does not apply to him. The complaint makes no mention of exhaustion of administrative remedies.

A complaint "is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense, but the defense clearly must appear on the face of the pleading."

---

[1] Defendants are strongly encouraged to review the Federal Rules of Civil Procedure prior to filing other motions to avoid confusion and ensure "the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1.

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990). The Supreme Court recently held that failure to exhaust under the PLRA is an affirmative defense that need not be specially pleaded in the complaint. *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Without information in the complaint alleging Plaintiff's failure to exhaust under the PLRA, there is no basis for the motion to dismiss. See *Turner and Boisseau, Inc. v. Nationwide Mut. Ins. Co.*, 944 F. Supp. 842, 847 (D. Kan. 1996) (motion to dismiss denied because dates used to support affirmative defense of statute of limitations were not clear from the pleadings). However, Defendants support their argument with evidence. Although Plaintiff does not contest this evidence, it is information outside of the pleading and will not be considered. See *Wells v. Shalala*, 228 F.3d 1137, 1140 n.1 (10th Cir. 2000) (motion to dismiss construed as a motion for summary judgment because the court considered facts outside the pleadings, despite both parties agreeing to those facts). Defendants' motion to dismiss for failure to exhaust administrative remedies is denied as there is nothing in the complaint showing the existence of this affirmative defense.

B.  Eleventh Amendment Immunity.

Defendants claim to have immunity under the Eleventh Amendment. Plaintiff provides no meaningful response as he argues Defendants are not entitled to qualified immunity, which is not an issue.[2]  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another

---

[2] "The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages arising from claims brought against them in their *individual* capacities." *Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006) (emphasis added). Although Bally has been sued in her individual capacity, Defendants have not argued that qualified immunity applies to her; consequently, analysis of this issue is unnecessary.

State, or by Citizens or Subjects of any Foreign State."[3]  U.S. Const. amend. XI.

"An arm of the state may also 'assert the Eleventh Amendment as a defense in federal court unless it has waived the defense and consented to suit in federal court.'"[4] *McLaughlin v. Board of Trustees of State Colleges of Colorado,* 215 F.3d 1168, 1170 (10th Cir. 2000) (quoting *Sutton*, 173 F.3d at 1233).  "Whether a particular political subdivision is an arm of the state is determined by examining four factors: (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; (3) the degree of state funding received; and (4) the governmental unit's ability to issue bonds and levy taxes on its own behalf.  *Sutton*, 173 F.3d at 1232.

Plaintiff admits in his complaint that the JJA is a division of the State of Kansas and the Court finds the statutory language supports this characterization as the JJA was created to "control and manage the operation of the state juvenile correctional facilities."[5]  Kan. Stat. Ann. 75-7001(a), 75-7002(a) (all powers, functions and duties of the state department of social and rehabilitation services transferred to the JJA).  The second factor shows sufficient state control, as the head of the

---

[3] The Eleventh Amendment has also been interpreted to apply to suits against a State by its own citizens.  *Idaho v. Coeur d'Alene Trabe of Idaho*, 521 U.S. 261, 267-268 (1997).

[4] In Defendants' answer, they specifically deny consent to this lawsuit and Plaintiff does not suggest they have consented or otherwise waived their immunity.

[5] In his complaint, Plaintiff cites one of the state statutes creating the JJA.  The Court has taken judicial notice of the state statutes relating to the JJA to determine this issue.  *Zimomra v. Alamo Rent-A-Car, Inc.,* 111 F.3d 1495, 1503 (10th Cir. 1997) (on a motion to dismiss, a district court may take judicial notice of municipal ordinances); *Brennan v. University of Kansas,* 451 F.2d 1287, 1290 (10th Cir. 1971) (determination of the status of an agency as an arm of the state is done by reference to the applicable state law); *Pharmaceutical and Diagnostic Services, Inc. v. University of Utah,* 801 F. Supp. 508, 512 n.9 (D. Utah 1990) (in granting a motion to dismiss based on Eleventh Amendment immunity, the court held discovery was unnecessary to determine whether an entity is an arm of the state as a court need only look to the laws of the state).

JJA, the commissioner, is appointed by the governor. Kan. Stat. Ann. 75-7001; see *Watson v. University of Utah Medical Center.*, 75 F.3d 569, 575-577 (10th Cir. 1996) (University of Utah and medical center were arms of the state because, *inter alia*, the University was controlled by a sixteen member board of regents, fifteen of whom were appointed by the Governor). The Kansas JJA does receive state funding and it maintains land in the name of the State of Kansas. Kan. Stat. Ann. 75-7002(g), 75-7021, 75-7001(h), 75-7006. While the Court has no information relating to the fourth factor, the Court holds there is sufficient support in the first three factors to find that the JJA is an arm of the state. As such, the JJA is entitled to Eleventh Amendment immunity and the motion to dismiss is granted on this basis.

Plaintiff's complaint also alleges state law causes of action only against Bally, in her official capacity as a juvenile corrections officer. The Supreme Court has held that the Eleventh Amendment bar against damages actions against a State in federal court "remains in effect when State officials are sued for damages in their official capacity. That is so because...a judgment against a public servant in his official capacity imposes liability on the entity [she] represents." *Kentucky v. Graham,* 473 U.S. 159, 169 (1985). Consequently, the Eleventh Amendment provides Bally, in her official capacity, immunity on all claims. See *Dowling v. Hannigan*, 995 F. Supp. 1188, 1191 (D. Kan. 1998) (suit against official in his official capacity is suit against the official's office). Defendants' motion to dismiss is granted on this basis.[6]

C.  Failure to State a Claim under Section 1983.

---

[6] Defendants also claim dismissal is warranted on Plaintiff's state law claims because he did not disclose expert witnesses. The Court declines to address this argument because all of Plaintiff's state law claims have been dismissed.

Defendants argue that claims alleging violations of 42 U.S.C. § 1983 against the JJA and against Bally in her official capacity are subject to dismissal because the language of the statute does not include them. Defendants are correct that "neither a State nor its officials acting in their official capacities are 'persons' under section 1983."[7] *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989).

Plaintiff's complaint alleges the JJA and Bally, in her individual capacity, violated section 1983. Because Plaintiff does not allege that Bally, in her official capacity, violated section 1983, the Court will limit its analysis to the claim against the JJA. "[A] governmental entity that is an arm of the state for Eleventh Amendment purposes is not a person for section 1983 purposes." *McLaughlin*, 215 F.3d at 1172 (internal citations omitted). The Court has already held the JJA to be an arm of the state. As a result, the JJA is not a person under section 1983 and cannot be sued under that section's provisions. Defendants' motion to dismiss is also granted on this basis.[8]

D. Defendants' remaining arguments.

Defendants argue there is no Fourteenth Amendment violation because the evidence shows Plaintiff consented to the sexual activity. The Court denies this argument without further analysis as it is based on deposition testimony that is inappropriate for consideration on a motion to dismiss.

In their reply, Defendants make two new arguments asserting qualified immunity for the JJA

---

[7] The Court recognizes that actions against a person in an official capacity are permissible when prospective injunctive relief is requested; however, Plaintiff has only requested monetary damages. *Will*, 491 U.S. at 71 n. 10; see *Kentucky,* 473 U.S. at 167 n.14.

[8] Defendants also argue the uncontroverted facts show JJA did not participate or have knowledge of any wrongdoing. The Court declines to consider this argument because the argument is supported by facts outside the pleading.

7

and that Plaintiff's lack of any physical injury precludes relief under the PLRA. The Court declines to address these arguments. See *Headrick v. Rockwell Intern. Corp.*, 24 F. 3d 1272, 1277 (10th Cir. 1994) (new arguments raised in a reply brief generally will not be considered).

Defendants' motion to dismiss (Doc. 25) is GRANTED in part and DENIED in part. Robin Bally in her official capacity is entitled to Eleventh Amendment immunity and all claims against her are dismissed on this basis. The JJA is not a person under section 1983 and is also entitled to Eleventh Amendment immunity and the claim against it is dismissed on these grounds. Plaintiff has one remaining claim; that Bally, in her individual capacity, violated his Eighth and Fourteenth Amendments in violation of 42 U.S.C. § 1983.

SO ORDERED this 1st  day of March 2007.

 s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge