**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1346-WEB |
| ) | |
| ROBIN BALLY, individually and in her ) | |
| official capacity as a juvenile correctional ) | |
| officer for the Atchison Juvenile ) | |
| Correctional facility; and STATE OF ) | |
| KANSAS JUVENILE JUSTICE ) | |
| AUTHORITY ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

Now before the Court is Plaintiff's motion to file outside of time and motion for reconsideration. (Docs. 30, 32, 33); D. Kan. R. 7.3. Plaintiff asserted state law causes of action of intentional infliction of emotional distress, negligence, and negligence per se. The Court dismissed the state law claims against Robin Bally in her official capacity. The complaint did not clearly make state law claims against the Juvenile Justice Authority (JJA); consequently, the Court did not specifically rule on that issue.

Plaintiff argues the Court misread the complaint when it determined that the complaint only asserted state law claims against Robin Bally in her official capacity. Plaintiff claims the complaint asserted state law claims against the Juvenile Justice Authority (JJA) as well. Plaintiff requests the Court address these claims as they relate to the JJA.

Pursuant to Rule 7.3, motions seeking reconsideration of non-dispositive orders must be filed within 10 days and based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. R. 7.3.

A motion to reconsider is not a second chance to reargue an issue previously addressed by the court. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court will supplement its March 1st 2007 order with this memorandum to address the issues raised by Plaintiff. The Court now addresses the three state law claims asserted against the JJA.

In its March 1st order, the Court held that the JJA was entitled to Eleventh Amendment immunity. (Doc. 30 at 6). Plaintiff does not dispute this conclusion. As a result, the JJA is also entitled to immunity against Plaintiff's three state law claims. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (Eleventh Amendment immunity bars damages actions against a state in federal court, even by its own citizens).

Plaintiff's motion to file outside of time is GRANTED. (Doc. 32). Plaintiff's motion to reconsider is DENIED. Plaintiff's state law claims against Defendant JJA are dismissed because the JJA is entitled to Eleventh Amendment immunity. (Doc. 33).

SO ORDERED this 18th day of April 2007.

                                               s/ Wesley E. Brown

                                               Wesley E. Brown, U.S. Senior District Judge